**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-20549
Summary Calendar

HOWARD BRANHAM; LYNN BRANHAM,

Plaintiffs-Appellants,

VERSUS

PHILLIPS PETROLEUM COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-93-3520)
February 19, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Mr. and Mrs. Branham appeal the district court's grant of summary judgment to Phillips Petroleum Company in the Branhams' personal injury action against Phillips. We affirm.

Mr. Branham was an employee of U.S. Contractors, Inc. which was an independent contractor working under contract for Phillips at Phillips' oil storage facility in Texas. He was injured at the work site while performing the work contracted for. The district

_____

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

court granted Phillips' motion for summary judgment holding that, since U.S. Contractors, Inc. was an independent contractor, Phillips owed U.S. Contractors, Inc.'s employees injured by a condition of the work no duty of care under Texas law because it did not retain control of the manner of performing the work. Appellants contend that their evidence has created a factual dispute concerning Phillips' right to control the manner in which U.S. Contractors, Inc. performed the work. Our review of the record discloses no reversible error in the district court's determination.

Appellant also contends that the district court relied on the opinion of the San Antonio Court of Appeals in <u>Williams v. Olivo</u>, (No. 04-93-00549-CV), 1995 WL 679661 (Tex. Ct. App. Nov. 16, 1995), which opinion was subsequently reissued without the language upon which the district court relied. While these facts are correct, the substituted opinion in <u>Williams</u> does not compel a different result. The district court correctly relied on Texas law which is essentially § 414 of the Restatement (2d) of Torts which was adopted by the Texas Supreme Court in <u>Redinger v. Living, Inc.</u>, 689 S.W.2d 415 (Tex. 1985).

AFFIRMED.